## ATKINSON ET AL. *v.* LINDSEY.

VENDOR'S LIEN.—*Estoppel.*—*Failure to Demur.*—A. sought to enforce a vendor's lien against land owned by D. A. sold the land, January, 1857, to B.; B. sold it June, 1857, to C.; C. sold it December, 1865, to D. The suit was commenced in June, 1869. D. answered that the plaintiff was estopped from claiming his lien, because before he, D., purchased and paid for the land, he made inquiry of the plaintiff, whether it would be all right, and was advised by him to proceed with the purchase. Issue was taken on this by a denial.

*Held,* that the failure to demur waived the question as to the sufficiency of the facts stated to constitute an estoppel, and that on proof of the allegations the defendant was entitled to a verdict.

APPEAL from the Warren Common Pleas.

WORDEN, J.—This was a complaint by the appellee against the appellants, to enforce a vendor's lien on real estate. The land had been sold by Lindsey to Hiram Kearns, and by the latter to Robert M. Atkinson, who sold it to Cephas Atkinson. Lindsey seeks to enforce his lien upon the land in the hands of Cephas Atkinson.

The deed from Lindsey to Kearns was dated January 14th,

1857. That from Kearns to Robert M. Atkinson was dated June 9th, 1857. And that from Robert M. to Cephas Atkinson was dated December 5th, 1865.

This suit was commenced on the 24th of June, 1869.

Among other pleadings in the cause, the defendant Robert M. Atkinson pleaded, second, that the plaintiff was estopped from setting up any lien upon the land, for the reason that before he purchased and paid for the land, he made inquiry of the plaintiff whether it would be right, etc., and was told by the plaintiff, that it would be right, and to go on and make the purchase; third, that for a valuable consideration the plaintiff, by parol, released and relinquished his supposed lien upon the land.

Issue, trial, verdict, and judgment for the plaintiff, a motion for a new trial made by the defendants being overruled, and exception taken.

The defendants bring the case here upon the evidence, which, upon a careful examination thereof, we think fails to sustain the verdict.

The proof, to bring home notice to Cephas Atkinson of the fact that the purchase-money or any part of it, due from Kearns to Lindsey, remained unpaid at the time Cephas purchased from Robert, is quite unsatisfactory. It is shown that in the spring or summer after Lindsey conveyed to Kearns, Cephas was informed and knew that a portion of the purchase-money remained unpaid. But Cephas did not purchase the property until December, 1865. In the meantime, the property had been conveyed by Kearns to Robert M. Atkinson. Cephas testifies that at the time he bought and paid for the land, he had no notice of any claim for unpaid purchase-money in favor of Lindsey. If the case turned entirely upon this point, we should be inclined to look carefully to the question whether such notice to Cephas would be sufficient, before deciding it. As at present advised, we are not satisfied that such notice would be sufficient; but we decide nothing upon the point, as there is another ground upon which the judgment must be reversed. We are of opin-

ion that the estoppel pleaded was fairly made out by the evidence, and we find no evidence in the record rebutting or contradicting it.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

### ON PETITION FOR A REHEARING.

WORDEN, J.—In this case the counsel for the appellee have filed a zealous petition for a rehearing, in which they assume that "the court has been evidently misled as to the facts disclosed by the record," and they gratuitously add that they "are charitable enough to attribute the oversight or error, of which they complain, to the overcrowded condition of the docket and the overworked condition of the court."

The evidence was all quite fully considered by the entire court upon the original decision of the cause, and the court was fully advised as to all the facts disclosed by the record; indeed, the case was fully considered on two or three occasions before a conclusion was finally arrived at, and as much time was consumed in its consideration as if there had been no other pressing business upon the docket; hence the mantle of charity, which the counsel thus volunteer to throw around the decision, does not belong where they seek to place it.

It will be seen, by recurring to the original opinion, that the judgment below was reversed on the ground that the answer of estoppel filed by Robert M. Atkinson was sustained by the evidence, and that there was no evidence conflicting with that sustaining the answer in question. The paragraph of the answer in question alleges, amongst other things, "that on or about the 1st day of June, 1857, this defendant entered into negotiations to purchase ninety acres of said lands, and that, before doing so, this defendant applied to the plaintiff to know if this defendant would be safe in making such purchase, and paying for said lands to said Hiram Kearns; that, thereupon, plaintiff informed this defendant that he, plaintiff, had no objection to such purchase

and payment therefor; that he, the plaintiff, had made his trade, and that he, the defendant, could go on and make his trade for the land; and thereupon this defendant, relying on said answer and information of the plaintiff, purchased ninety acres of the land and took a conveyance therefor," etc.

Replication in denial.

The deed to Robert M. Atkinson, bearing date June 9th, 1857, was given in evidence. In reference to the estoppel pleaded, he testified as follows: "I am one of the defendants; I live in Benton county, Indiana; am a farmer; have lived in Benton county since November 15th, 1848; the plaintiff Lindsey is an uncle of mine; he is a half brother to my mother. In the winter of 1857, I lived near Oxford, and about a mile from Lindsey's; I knew Lindsey had sold his farm to Kearns, who was then trading in lands, cattle, hogs, etc.; as near as I can recollect about dates, after Kearns had bought the land, he was wanting to sell it to me; I told him I did not want to trade for the lands until he and Lindsey got their trade all fixed up; afterward the plaintiff came out from Howard county to Benton, he having moved away in the meantime, and we were talking about the matter, and he told me to go ahead and make my trade, that he had made his; I told him I was going to trade for the land, and asked him if it was all right; this was about the time the cattle were delivered to Newton Morgan, about the last of April, or first of May, 1857, I won't be sure which; about the time the cattle were delivered, the plaintiff told me to go ahead and make my trade, as he had made his; I paid about twenty-five dollars per acre. * * * Kearns was wanting to dicker with me; he spoke about trading perhaps fifty times; indeed, every time he passed, he had been wanting to trade me the land; and then Lindsey came out and said I could go on and make my trade with Kearns; this I think was in April, or the forepart of May following the sale by Lindsey to Kearns; I can't say when I next saw Lindsey after this; we were good friends, and are yet; he

would always come to my house when he came out to Benton, and I did all I could for him."

This evidence, it seems to us, substantially and clearly makes out the truth of the paragraph of the answer in question; in other words, it proves the estoppel as pleaded. Now there is not a syllable of evidence in the record that contradicts the statements thus made by the defendant Robert M. Atkinson, unless it be the statement of Lindsey, that he was in Benton county June 1st, 1857, but not in April or May of that year. Although Lindsey was put upon the witness stand and testified after the above testimony of Robert M. Atkinson had been given, yet he did not deny the above matters testified to by Robert M. Atkinson, nor any part of them, nor was he at all interrogated on that subject. Nor was there any doubt of the truth of the statements of Robert M. Atkinson, as above set out, raised by any evidence or circumstance in the cause. Lindsey says, to be sure, he was not in Benton county either in April or May, 1857, but was there June 1st of that year. Robert M. Atkinson thinks the matters testified to by him, as above set out, occurred in April or May of that year. This is a mere discrepancy as to dates. The material facts testified to by Robert M. Atkinson, in respect to the matter above stated, stand unrebutted and uncontradicted. The issue formed on the paragraph of the answer should undoubtedly have been found for the defendants below.

But it is now insisted that the matters thus pleaded and proved do not constitute a valid estoppel.

If the appellee had wished to raise that question, he should have demurred to the paragraph of the answer setting up the supposed defence. This was not done. The answer, we think, was shown to be true in point of fact. If insufficient in law, the objection was waived by failing to demur. 2 G. & H. 92, sec. 64.

The petition for a rehearing is overruled.

*H. W. Chase* and *J. A. Wilstach,* for appellants.
*L. E. McReynolds* and *J. McCabe,* for appellee.